With respect to the fifth assignment of error, I agree that defense counsel had no duty to object to the testimony of Officers Mullins and Beane as hearsay. Their recitations of what Griffith told them, that "Teardrop" had shot him and that Defendant Parker is "Teardrop," were statements of identification made shortly after the declarant perceived the person identified. When the declarant is a witness who testifies at trial, those out-of-court statements are excluded from the definition of hearsay. See Evid.R. 801(D)(1)(c).
Evid.R. 801(D)(1)(c) is a sounder basis to resolve the hearsay issue than the rule of State v. Thomas (1980), 61 Ohio St.2d 223, on which the State relies. There, in a prosecution of defendants for illegal gambling, officers testified that they had launched their investigation on an anonymous tip "about a `sports bookmaking operation taking place in Roseville, Ohio.'" Id. at 232. On appeal, the Supreme Court held that the evidence was not hearsay because it was not offered to prove the truth of the matter asserted but "to explain the actions of a witness to whom the statement was directed." Id.
The State argues that the rule of Thomas makes the testimony of the two officers admissible because it was offered to show why they undertook their investigation. If that's the case, then almost any out-of-court statement made to investigating officers becomes admissible. That's an intolerable result, and was not the import of the Thomas holding.
Out-of-court statements offered to prove their impact on a particular listener are not hearsay because they're not offered to prove the truth of the matter asserted. Their truth is immaterial to the listener's reaction. Further, as in Thomas, the content of the statement doesn't coincide with a matter in issue, or is so remote from a matter in issue not to be probative of it. Thus, whether gambling was taking place in Roseville doesn't show that the accused was engaged in it.
The testimony of Officers Mullins and Beane about Griffith's identification of his assailant coincided directly with a matter in issue, which was whether the Defendant shot Griffith. That is the proper test for why evidence is offered, not the spurious claim of its proponent that it's offered to show a background matter that's largely irrelevant to a matter in issue, or so remote from it as to be immaterial. Reliance on the "limited admissibility" exception of Evid.R. 105 to admit the evidence for such a purpose allows the tail to wag the dog, all to the undue prejudice of the adverse party.
Otherwise, I agree with the remainder of Judge Young's opinion.
FAIN, J., concurs in Judge Grady's concurring opinion.